**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Joseph G. R. ROBILLARD and Margaret H. Robillard, Respondents.**

**No. 19251.**

United States Court of Appeals
Fifth Circuit.

Sept. 25, 1962.

Jones, Circuit Judge, dissented.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Crane C. Hauser, Chief Counsel, Charles Owen Johnson, Atty., I. R. S., Louis F. Oberdorfer, Asst. Atty. Gen., Carolyn R. Just, David R. Walter, Attys., Dept. of Justice, Washington, D. C., for petitioner.

Joseph G. R. Robillard, for respondents.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

**CAMERON, Circuit Judge.**

Petitioner, Commissioner of Internal Revenue, issued a deficiency assessment against the Respondents, Robillard, for the year 1957 in the amount of $231.36. With their joint federal income tax return for the calendar year 1957, the Respondents showed an amount of $1,972.62 of retroactive adjustment of earnings for the period January 1, 1955 through December 1, 1956,[1] Joseph G. R. Robillard (hereinafter called Respondent or taxpayer), being a full time employee of Tennessee Coal and Iron Division of the United States Steel Corporation. This income grew out of a settlement agreement between Respondent's union and his employer. The total wages paid to Respondent during the calendar year 1957 was $9,444.41.

Respondent petitioned the Tax Court of the United States for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency dated March 31, 1959. That Court, by divided vote, held [2] that the sum of $1,972.62 received by the taxpayer in February, 1957 was "back pay" as defined in § 1303(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1303(b), and that he was entitled to the special treatment therein provided, so that $1,023.80 of this amount was properly allocable to 1955, and $948.82 to 1956. The Commissioner has appealed from that decision, contending that the Tax Court erred in holding that the sum of $1,972.62 was not taxable to the taxpayer in the year received, arguing that it did not constitute back pay within the meaning of § 1303(b) so as to be allocable to the years 1955 and 1956 under the special treatment therein provided.

We hold that the decision of the Tax Court was correct and we affirm it. The facts accepted by the majority and the reasoning underlying the Tax Court's decision are fully and accurately set forth in its published opinion, and no good purpose will be served by repeating them here. Based upon that opinion the petition of the Commissioner to review is denied and the decision of the Tax Court ordering and deciding that there is no deficiency in income tax due by taxpayer in the taxable year 1957 is

Affirmed.

**JONES, Circuit Judge (dissenting).**

The majority of the Court adopts the majority Tax Court opinion. Four judges of the Tax Court dissented. I find myself in accord with the Tax Court minority and therefore

Dissent.

---

1. Taxpayer computed his tax by allocating $1,023.80 to the year 1955 and $948.82 to the year 1956.

2. 35 T.C. 896.